# FOURTH DISTRICT, 1901.

MISSOURI, KANSAS & TEXAS RAILWAY COMPANY OF TEXAS V.
EDWIN BALL.

Decided March 6, 1901.

**1.—Variance Between Allegation and Proof—Practice on Appeal.**

The rule that an objection that the verdict is contrary to the evidence will be deemed as waived if not called to the attention of the court below in a motion for a new trial applies where the objection is that the proof offered by a party is variant from the allegation in his pleading.

**2.—Same—Variance Not Shown.**

Where, in an action for damages against a railway company, plaintiff alleged that his wife was refused permission to ride in the car for white people and forced to ride in the negro coach, and the proof showed only that the train conductor, after having twice promised to do so, failed to assist the wife to change from the colored coach to the one for whites, there was no variance, since the proof was reasonably sufficient to establish the substance of the issue.

**3.—Damages for Mental Anguish Alone.**

Damages for mental pain, anxiety, distress or humiliation suffered, if the direct result of a common carrier's failure or neglect to perform its duty, may be recovered, though unaccompanied with physical injury, pain, or suffering.

**4.—Same—Common Carrier—Putting White Woman in Negro Coach.**

A common carrier is liable in damages for such discomfort and humiliation as proximately result from its action in compelling a white woman and her children to ride in a coach designed for and occupied by negroes.

**5.—Same—Use of Profane Language.**

Such damages as result from the humiliation caused by profane language used by the negroes in the presence of plaintiff's wife while in the negro coach were not recoverable where it was not shown that such misconduct of the negroes was known to the carrier or its servants. (Neill, Associate Justice, dissenting.)

**6.—Same—Excessive Verdict.**

A verdict against a railway company for $1000 for compelling a white woman to ride in the negro coach for sixty miles is held grossly excessive, and a remittitur of $900 required.

Appeal from Dallas    Tried below before Hon. Richard Morgan.

*T. S. Miller* and *Marshall & Thomas,* for appellant.

*T. E. Conn* and *Moroney & Love,* for appellee.

NEILL, ASSOCIATE JUSTICE.—This suit was brought by the appellee, Edwin Ball, to recover from appellant actual and exemplary damages alleged to have been sustained by the former by the treatment of the railway company to plaintiff's wife, A. P. Ball, while a passenger on one of its trains. The following are the allegations in appellee's petition upon which he seeks to hold the appellant liable:

"That said A. P. Ball was and is a respectable white woman. That in violation of the law and of its said contract, said defendant company refused the said A. P. Ball and children permission to ride in a car provided for white people and forced her to ride from Dallas to Hills-boro, in Hill County, a distance of about sixty-six miles, in a car pro-vided for negroes, which car contained a number of negroes, who dur-ing the whole trip on said 3rd day of January, were drinking some kind of intoxicating liquor, using loud and vulgar language, making offensive remarks concerning plaintiff's said wife, and using unseemly familiar-ities with each other, and frequently addressing insulting remarks to her, to her great annoyance and discomfort. That by reason of said conduct the said A. P. Ball was greatly pained, wounded, and injured in body and mind, to her damage and injury in the sum of five thousand dollars actual damages. Wherefore, plaintiff prays for process, for judg-ment for five thousand actual, and for one thousand dollars exemplary damages.

"That defendant had, in utter violation and reckless neglect of its public duty, been running coaches containing disorderly people between Dallas and Hillsboro, Texas, ever since the 1st day of November, 1895. That during said time defendant failed and refused to provide for the preservation of good order in said coaches. That during all of said time the defendant was in the habit of placing respectable white ladies in said disorderly coaches and subjecting them to the insults and annoy-ance of their disorderly occupants."

The appellant answered by a general denial; and specially plead, that if appellee's wife rode in a coach provided for negroes with colored passengers, she did so from her own choice, and was not compelled to do so by appellant or any of its agents; and by pleading the statute of limitations of two years, in averring that more than that period had elapsed from the time of the injury until the issuance and service of the citation.

The case was tried without a jury and judgment rendered in favor of appellee for $1000, from which it has appealed.

The undisputed facts are, that on the 3rd day of January, 1898, ap-pellee purchased tickets for his wife and three children, who are white people, entitling them to first-class passages, in cars provided for their race, over appellant's line of road from the city of Dallas to Galveston. After purchasing the tickets he accompanied his wife and children on the train, and having carried them on the coach running to their desti-nation, and failing, on account of that car being too crowded, to procure seats for them, appellee was told by appellant's conductor that they would have to go in the forward cars. He then went forward with his wife and children into the other cars, but was unable to find seats for them. In his efforts to find room to seat his wife and children, he con-tinued forward until they entered the coach designed for negroes. He did not observe that it was the car provided for colored people until he got inside with his wife and children. Then the train started, and not

having time to remove them from that car and leave the train with safety, he told his wife as soon as the conductor came in to have him change her and the children to another car, and leaving them, he got off the train. Shortly afterwards the conductor came in the car, and appellee's wife told him she did not want to ride in the car for negroes, and he promised her that he would come in and move her and her children into another car when they reached the next station. Having failed to move her and the children when the train arrived at the next station, as he had promised, she again asked the conductor to change her to another car, which he promised to do at the next stopping place. After this she never saw the conductor any more until the train reached Hillsboro. She also told appellant's porter two or three times that she wanted to get into a car for white people, and did not want to ride in the negroes' car. The porter also promised to assist her and the children in getting into another car. But he, like the conductor, failed to render the promised assistance. She was afraid to attempt to go from one car to another with her little children while the train was in motion, without assistance and so informed the conductor and porter. There were a good many stopping places between Dallas and Hillsboro. She remained in the negroes' car until the train arrived at Hillsboro, where all the passengers were required and offered an opportunity to change cars. There were a good many negroes in the car while appellee's wife was in there. Some of whom were smoking and using profane language. Mrs. Ball was rendered very uncomfortable, and was much humiliated by being thus compelled to ride in said car, and by the conduct of the negroes in there.

*Conclusions of Law.*—1. It is contended by the appellant that there is a variance between the allegations in appellee's petition and the proof offered on the trial, in that he alleged his wife was refused permission to ride in the car for white people and forced to ride in the negro coach, while the proof only shows that appellant's conductor failed to assist his wife to change from the colored coach to the one provided for white people. In our opinion it is a sufficient answer to this contention to say that it was not raised by appellant in the court below by its motion for a new trial. The rule is that an objection that the verdict is contrary to the evidence, when not specifically called to the attention of the court by motion for a new trial, will be deemed as waived, and can not be made the basis of an assignment of error on appeal. Jacobs v. Hawkins, 63 Texas, 4; Ysleta v. Babbett, 8 Texas Civ. App., 432; Clark v. Pearce, 80 Texas, 150. If, however, the question were properly raised, we would not be prepared to say that the proof is not reasonably sufficient to establish the substance of the issue raised by the pleadings. The coaches provided for whites were so crowded that appellee could not find seats for his wife and children in them. In this effort to find such accommodations as was appellant's duty to provide for its passengers, appellee carried his wife and children in the negroes' car. When

he found they were in the wrong coach he did not have time to change them and get off the train with safety. He relied upon its conductor's finding seats for them and changing them to a car provided for white passengers. This was, without being requested, the conductor's duty. This duty, though requested by appellee's wife, he failed to perform. Through his failure to perform this duty, she and her children were compelled to remain in the negro coach, and such compulsion amounted to a refusal to allow them to ride in a car provided for white people.

2. Again, it is contended that the judgment is not supported by the evidence, because it is not shown that appellee's wife sustained any damages by reason of having to ride in the negro car. The proposition advanced to support this contention is that damages are not recoverable for mental distress or humiliation unaccompanied with physical pain or suffering. In not seating appellee's wife and children in a coach provided for white people and compelling them, on that account, to ride in the negro car, appellant violated its contract and failed to discharge its duty as a common carrier, and for the breach of contract and neglect of duty is liable for such damages as it ought to have reasonably anticipated would flow therefrom. That damages for mental pain, anxiety, distress, or humiliation suffered, if the direct result of appellant's failure or neglect to perform its duty, may be recovered, though unaccompanied with physical injury, pain or suffering, is now too well settled in this State to admit of question. Railway v. Armstrong, 93 Texas, 31, and authorities cited. Railway v. Perkins, 52 S. W. Rep., 124. To withhold from a white lady the right to ride in a coach such as the law requires to be provided for her race, and to compel her and her children to ride in one occupied by negroes, for whom under the law it was provided exclusively, constitute such a violation of law and breach of duty as render a common carrier of passengers liable in damages for such discomfort and humiliation as are proximately caused from such breach of duty.

3. The majority of the court is of the opinion that damages for such humiliation as was caused by profane language, used by the negroes in the presence of appellee's wife, are not under the facts in this case recoverable, because it is not shown that such misconduct of the negroes was called to the attention, or known to appellant's conductor, it being such as could not have been reasonably anticipated by the appellant or its servants in control of the train. The writer, however, is of the opinion that, as the act of appellant in compelling appellee's wife to remain in the negro coach was a violation of the law, it is liable for all the consequences of such violation whether it could have reasonably foreseen them or not.

4. There are no facts in the record which tend to support appellant's plea of limitations.

5. The court is of the opinion that the judgment is grossly excesssive, and that a judgment for $100 will be full compensation for all the dam-

:ages sustained. Therefore, if appellee will within twelve days from this ·date·. enter in this court a remittitur of $900 the judgment will be affirmed, otherwise it will be reversed and the cause remanded.

*Affirmed upon remittitur entered.*