FUSON v. ABILENE GAS & ELECTRIC CO.
(No. 1063.)

(Court of Civil Appeals of Texas. El Paso.
Feb. 19, 1920. Rehearing Denied
March 11, 1920.)

1. LIBEL AND SLANDER ⬥86(1)—WORDS CANNOT BE SHOWN TO CHARGE CRIME BY INNUENDO INTRODUCING NEW MATTER OR ENLARGING ACTUAL MEANING.

Words not in themselves conveying any defamatory meaning may by innuendo be shown to charge commission of a crime, but for such purpose new matter cannot be introduced, and the actual meaning of the words used cannot be enlarged.

2. LIBEL AND SLANDER ⬥6(1) — LANGUAGE NOT LIBELOUS UNLESS CALCULATED TO INJURE REPUTATION.

To be libelous, the language of the publication on which the libel is predicated, taken in connection with the facts and circumstances alleged, must have injured plaintiff's reputation, thereby exposing him to public hatred and contempt, financial injury, etc.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Libel.]

3. LIBEL AND SLANDER ⊜=6(1)—LETTER NOT LIBELOUS AS ACCUSING CONSUMER OF TAMPERING WITH GAS METER.

Gas company's letter to consumer, stating that the meters had been tampered with and that the consumer would be held responsible for the safety of the new meters being installed, without charging the consumer with tampering with meter, *held* not libelous, even if aided by innuendo.

4. LIBEL AND SLANDER ⊜=86(1)—LETTER NOT TO BE GIVEN LIBELOUS CONSTRUCTION, BY INNUENDO OF WHICH IT IS NOT FAIRLY SUSCEPTIBLE.

Plaintiff in libel action cannot place, by innuendo, a construction on the alleged libelous letter of which it is not fairly susceptible.

Appeal from District Court, Taylor County; Joe Burkett, Judge.

Suit by Ed. Fuson against the Abilene Gas & Electric Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Cunningham & Oliver, Kirby & King, and Jno. W. Woods, all of Abilene, for appellant. J. M. Wagstaff, of Abilene, for appellee.

HARPER, C. J. This suit was instituted by Ed. Fuson against the Abilene Gas & Electric Company to recover damages for libel, and this appeal is from a judgment in favor of defendant. The publication alleged to be libelous, and the allegations of the petition upon which plaintiff seeks to recover, are as follows:

That plaintiff is a married man, resident of the city of Abilene, Tex., for many years; that the defendant, a public service corporation, operates and controls the only available supply of gas and electricity to the inhabitants of said city; that on February 22, 1918, plaintiff was a customer of defendant, under contract with it, using gas and electricity, which was measured and paid for upon the reading of the gas and electric meters, which had been placed upon his premises by defendant, over which plaintiff had no control, and for the accuracy of which plaintiff was not responsible; that while this contract existed F. A. Matthews, president and general manager of defendant corporation, in the discharge of his duties and while about his employer's business, acting for and in behalf of said corporation, caused to be written and published, sent and mailed to the plaintiff, the following letter:

"I have been advised that the electric meter which we have had at your residence has been tampered with since it was installed and is no longer in condition to operate. We are replacing it with another meter properly adjusted and sealed, and the purpose of this letter is to advise you that we must hold you responsible for the safety of the meter while in your service. If you are unable to safeguard our property at your premises, it will be impossible for us to furnish you service. I have been advised that the clock in the water meter was loose, and the case had the appearance of having been removed from the meter. I have instructed that a lock concrete box be installed on your water meter, which will be going as far as we can to protect the apparatus, and the conditions indicated above with regard to the safeguard of the electric meter will apply to the water meter also."

This letter was signed by F. A. Matthews, Manager.

That the letter dictated to, was seen by and published to, the employés of the defendant, and at said time article 993 of the Penal Code of Texas, as amended by the act of the Called Session of the 35th Legislature [1] was the law, which article is set out in hæc verba in said petition.

The petition further alleges: That it was the intention of the defendant and its said manager and president, in addressing said letter to the plaintiff, to charge him with the commission of an offense against the laws of the state, and to defame the plaintiff, injure his reputation, expose him to public hatred, contempt, and ridicule, impeach his honesty and integrity, and thereby cause him great financial injury in his calling as an electrician serving the public. That the effect of said letter and its publication was to do the very thing so intended by the defendant, and that it did so, or at least tended to do so. That said letter was written maliciously, willfully, recklessly, and carelessly, and without cause, and that the defendant and its manager maliciously, willfully and wantonly repeated verbally to various employés of the defendant (whose names are to plaintiff unknown), and did to said employés charge the plaintiff with tampering with defendant's meters in order to prevent a correct registration of the commodity passing through same, and to wholly prevent said passage and registration. That if said letter does not in fact charge the plaintiff with the commission of the offense mentioned, plaintiff says that the purpose and intention of the defendant in writing and causing said letter to be written and published was to charge plaintiff with the commission of the offense mentioned, and to defame plaintiff, expose him to hatred, contempt, and ridicule, impeach his honesty and integrity, and thereby cause him great financial injury, or at least it intended to do so, and that persons reading this letter must honestly understand that such was the purpose and intention of the defendant and F. A. Matthews in writing and publishing said letter as aforesaid. That, because of the writing and publication of said letter by defendant, plaintiff has been greatly humiliated, the effect of it tends to injure his reputation, expose him to public hatred, contempt, and ridicule, impeach his

---

⊜=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] Acts 35th Leg. (2d and 3rd Called Sess.) c. 35 (Vernon's Ann. Pen. Code Supp. 1918, art. 993).

honesty and integrity, and injure him in his calling, and that it has done so.

The petition then prays for $5,000 actual and $5,000 exemplary damages.

The defendant in its answer, after general and special exceptions and general denial, interposes the following plea, which is the only special plea interposed, and is copied verbatim as follows:

"This defendant further shows to the court that it never intended to accuse and did not accuse the plaintiff of any crime or wrong whatever in regard to the maintenance of the meters at his premises, and says that the meter in question was on the gallery of the plaintiff's residence and subject to his control at all times, and in writing the said letter defendant only stated the exact truth with reference to the said meter, in that said meter had been injured in some way by some one unknown to the defendant, and this defendant did not charge said plaintiff with injuring said meter, and in fact since said letter was written this defendant personally wrote to the attorney for the plaintiff that there was no intention whatever to charge the plaintiff with any improper conduct, but only states the fact to be that the meter on his premises had gotten out of fix, and that this defendant, not being in possession of the meter, asked that the plaintiff, in whose possession said meter was in, should be required to keep it in good condition.

"In this connection defendant says that the circumstances surrounding this transaction and the writing of this letter were that the meter measuring the gas and electric current furnished the plaintiff was out of fix just prior to the writing of said letter, and also the meter on the water furnishing the plaintiff had been out of fix several times, and under circumstances of this kind it was natural for the defendant to suppose that some one was interfering with this defendant's property on the premises of the plaintiff, and wrote said letter in order to get the plaintiff to be more diligent in protecting the property, as to request him to do so, and this defendant never at any time charged the plaintiff with having injured said meters in any way, and so wrote the plaintiff when the matter came to its knowledge through the attorney for the plaintiff.

"Defendant further shows to the court that, if any statements were made by the defendant's manager or others in authority of the defendant company with reference to the meters on plaintiff's premises, then same were made in good faith, and as part of plaintiff's duty and privilege, and defendant specially pleads that whatever conversation was had with defendant's employés by any one in authority in the employ of the defendant is not liable for any such statements, and specially pleads such privileged communications."

Plaintiff by supplemental petition answered this plea by general and special exceptions and general denial, and by replication to the effect that writing and publication of the letter was unnecessary to preserve to the defendant any of its rights, and was of no benefit to the defendant, as the meter was under its exclusive control and could have been removed by the defendant, or defendant could have discussed it personally with the plaintiff; that the stenographer had no connection with the business that made it necessary or proper to communicate to her a charge that the plaintiff had been stealing gas, electricity, and water, as was done; and that the statute defining what was privileged communications excludes all matters from the privileged class not covered by it.

Appellant's assignments charge error in the general charge of the court, in refusing special requested charges, and in admitting testimony over the objections of the plaintiff, and in refusing to charge the jury not to consider the testimony objected to. The appellee by independent proposition urges that, the letter not being libelous, and showing upon its face that it was not libelous, no other judgment than for appellee could have been rendered.

[1] The words contained in the writing do not convey any defamatory meaning, but the plaintiff by innuendo has sought to define the defamatory meaning which he places upon them, to wit, the violation of a penal statute, by using some means or device to prevent the electric current and flow of water, etc., from passing through the meters furnished him by the company, and in his care and custody. This is the proper office of an innuendo; but he is not permitted to introduce new matter, nor to enlarge the natural meaning of the words used. Newell, Slander and Libel, §§ 751 and 752.

[2] Unless the language of the publication upon which the libel is predicated taken in connection with the facts and circumstances alleged, is reasonably calculated to produce the results stated in the statute, viz. injure his reputation, or thereby expose him to public hatred and contempt, financial injury, etc., no libel is shown. Harris v. Townsite Co., 58 Tex. Civ. App. 506, 125 S. W. 77. This letter did not charge that the flow of electricity and water was stopped or interfered with by appellant, in specific words, nor do the words, "We are advised that the electric meter * * * has been tampered with," so charge, and there are no antecedent facts nor surrounding circumstances alleged by the plaintiff as innuendo which supply the meaning.

[3, 4] Tested by the rules of law applicable, we cannot see anything in the letter, even if aided by innuendo, which could reasonably have caused injury to plaintiff. It did not charge plaintiff with tampering with the meter, and plaintiff cannot place by innuendo a construction of which it is not fairly susceptible. Tribune v. Guisti, 134 S. W. 239.

Having reached this conclusion, it becomes unnecessary to pass upon plaintiff's assignments of error.

Affirmed.