MRS. M. J. DAVIES v. THE STATE.

No. 8497.   Delivered November 19, 1924.

No motion for rehearing filed.

**Selling Watered Milk—Not Sustained by Evidence.**

The evidence in this case is not sufficient to support the judgment, and the cause is reversed, and remanded.

Appeal from the County Court at Law No. 2, Harris County.   Tried below before the Hon. Roy F. Campbell, Judge.

Appeal from a conviction for selling watered milk; penalty, a fine of twenty-five dollars.

*J. R. Davenport,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in County Court at Law No. 2 of Harris County of selling watered milk; penalty, a fine of twenty-five dollars.

The testimony shows that appellant's husband ran a dairy. She sometimes helped him milk the cows but did not do so on the day in question because it was raining. An inspector in the pure food department came to the premises on that morning and went to what is called the milk house and took two samples of milk from two separate cans. He then went to the house and wanted to pay this appellant for said milk but she refused to take it. Later, however, she did accept the money and he took said two samples to the chemist at the city laboratory who examined same and stated that they contained about ten per cent of water over and above the amount of that fluid naturally in milk. The husband of appellant testified that he did the milking and prepared the milk for market on the particular morning and that it was raining and for that reason this appellant did not assist him at all. It was also shown that in the customary preparation of the milk cans for use, some rinse water was put in them and allowed to remain for a while but as the vessels were needed the rinsing water was poured out. Appellant's husband testified further that it might be that in some instances the rinsing water was inadvertently left in the bottom of the can. Appellant testified that she had nothing to do with the preparation of the milk in the cans on the occasion in question, that she did not put any water in the milk, nor did she know that any had been put in there as it was not customary to do so. We

do not believe the testimony in the case shows a violation of the law by appellant. The State's attorney in briefing this case for our investigation has so confessed. In the case of Vaughn v. State, 219 S. W. Rep., 208, a case also for a violation of the pure food laws, we said that we did not believe one should be punished for an offense if the testimony showed the act to have been been done without guilty knowledge or intent. This case was tried without the intervention of a jury, and in our judgment the conclusion of guilt does not rest upon sufficient proof. It may be doubted whether the act of appellant could be held a violation of a statute which forbids the sale or exposing for sale of milk which has been watered. Beyond question the milk had not been exposed for sale, and when the inspector made demand upon appellant that she accept from him money for samples of milk which he had already taken into his possession, it might seriously be questioned as to whether this was a sale such as is forbidden by the statute.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*