## LUNDBERG v. BROWNSVILLE HERALD PUB. CO.

### No. 9208.

Court of Civil Appeals of Texas.
San Antonio.

Dec. 20, 1933.

S. L. Gill, O. N. McNeil, and John W. Hill, all of Raymondville, for plaintiff in error.

Samuels, Foster, Brown & McGee, of Fort Worth, and Carter & Stiernberg, of Harlingen, for defendant in error.

FLY, Chief Justice.

This suit was instituted by plaintiff in error against defendant in error, to recover damages for an alleged publication by defendant in error, which was alleged to be false, libelous, and damaging to the reputation and business of plaintiff in error. A jury was waived, and trial before the court resulted in a judgment that plaintiff in error take nothing by his suit.

The article declared upon as libelous is as follows:

"Raymondville Raid Nets Beer, Wine
"Lundberg Hotel is Searched

"Varied Assortment of Forbidden Booze Seized

"Proprietor Arrested and Brought to Brownsville by Customs Men
"(Special to The Herald)

"Raymondville, June 2.—Fifty pints of tequila and whiskey, 39 quarts of wine, a 5 gallon keg of wine, 112 bottles of beer, 300 empties, and a quantity of kegs, crocks, jars, caps and capping machine constituted the largest seizure made in Willacy County for some time when federal and state officers raided the Lundberg Hotel here at nine o'clock this morning.

"A. W. Lundberg, proprietor of the hostelry, was taken into custody by the officers and escorted to Brownsville, where charges are expected to be filed.

"According to reports, Lundberg was preparing breakfast when the raiding party arrived on the scene, and calmly continued, eating his breakfast and then chopping wood while the search and seizure was being made.

"Officers participating in the raid included Mounted Customs Officers John G. Tom, D. A. Barter, J. W. Woldford, C. T. Bolware, and John Pace, assisted by Border Patrolmen Bland Durham and John Pyle and Sheriff Howard Craig and deputies J. H. Haygood and William McDouglad.

"The Lundberg Hotel the first to be erected in Willacy County is a landmark of Raymondville and the county.

"A. W. Lundberg, arrested in Raymondville this morning following a seizure of liquor from the Lundberg Hotel, was being examined in the office of W. L. Reyman, customs agent in charge, here at noon today.

"Up to that time no charges had been filed against Lundberg."

Plaintiff in error denied that he had possession of the liquor named in the publication and contended that no such liquors were

found in his hotel. It might be inferred from the allegations of the petition that certain intoxicating liquors were found in the hotel but not all of those specifically described in the article.

■■ Plaintiff in error, hereinafter. called plaintiff, introduced all the evidence that was placed before the court and proved the substantial accuracy of the account made by the newspaper of the matters surrounding the search of his hotel, his arrest and lodgment in jail. It appeared from the proof that a search warrant was issued and the hotel of plaintiff searched by the officers. They found in the hotel, according to the return, 37 quarts of wine in bottles, 15 gallons of wine in kegs, 112 pints of beer; the wine and beer were seized by the officers, and plaintiff was arrested for manufacturing the wine and beer and having it in his possession, was placed in jail, and later was indicted on the same charges by a federal grand jury. Implements for the manufacture of wine and beer were also found in the hotel and also seized by the officers. There were numbers of bottles also found on the premises which indicated from their labels that they had contained tequila and whisky. These were also seized by the officers. There was no evidence whatever of defendant entertaining any malice toward plaintiff, but the whole affair assumed the character of the publication of news for the benefit of the readers of the paper. The gist of the report in the paper was that the hotel of plaintiff had been searched and intoxicating liquors found therein, in violation of the prohibition act, and the plaintiff arrested and indicted. Those charges were shown to be true as alleged in the publication. Of course, the fact that it was not shown, as stated in the publication, that tequila and whisky were found in the hotel, would not cause the publication to be false and untrue, as it was just as much an offense to have the wine and beer as it would have been to have the tequila and whisky. The fact was abundantly shown that plaintiff did have in his hotel liquor which it was criminal for him to have, under the provisions of the prohibition act. Plaintiff did not attempt to show that he sustained any damage whatever or that his reputation was in any manner affected by the publication of the fact that he had violated the Volstead Act and had been lodged in jail and indicted.

Defendant acted within the bounds as to publications fixed by the libel laws of Texas, article 5432 of the Statutes of Texas.

In that article of the statutes it is provided, among other things, that the making of a fair, true, and impartial account of any official proceedings authorized by law in the administration of the law shall be privileged. Under the terms of that statute defendant exercised a lawful right that it had in publishing the search of the hotel, the arrest, incarceration, and indictment of plaintiff.

We overrule all the assignments of error and affirm the judgment.