## O'CONNOR v. DALLAS COTTON EXCHANGE.

### No. 13032.

Court of Civil Appeals of Texas. Dallas.
May 30, 1941.

Rehearing Denied June 27, 1941.

Robert M. Vaughan and James D. O'Connor, both of Dallas, for appellant.

O. D. Montgomery, of Dallas, for appellee.

LOONEY, Justice.

This appeal presents but one question; that is, whether or not the court erred in dismissing the cause for want of jurisdiction on the theory that plaintiff sought damages for slander, in regard to which the district court is given exclusive jurisdiction.

The material facts, as alleged by plaintiff, are: That the defendant, Dallas Cotton Exchange, a corporation, owned and operated in the City of Dallas a large sixteen-story building, occupied by tenants who conducted various and sundry businesses, for whom, their patrons, or those having business with them, the defendant maintained an elevator service, consisting of six elevators, some of which were designated for use by whites and others for negroes; that on November 5, 1938, plaintiff's wife, Mrs. May O'Connor, having business with a tenant on the fifteenth floor of the building, entered one of defendant's elevators which, at the time, was occupied by three white men and a negro woman, but before putting the elevator in motion, the lady operator directed plaintiff's wife and the negro woman to leave the elevator and use another at the rear of the building. Not knowing the reason that actuated the operator, plaintiff's wife left the elevator, went to the other, as designated, and took passage therein, ignorant of the fact that it was kept and operated for the use of negro passengers and for the transportation of freight; plaintiff's wife being thus compelled to ride in an elevator occupied by negro men and women. Plaintiff then, in the nature of an innuendo, alleged that the necessary implication from the fact that his wife was directed to leave the elevator first entered, and take passage in one set apart by the defendant for negroes, was to designate and classify her as a negro, and force her to ride on an elevator with negroes; in effect, falsely charging plaintiff's wife, a white woman of Caucasian race, with being a negro, shaming and disgracing her before the white persons in the elevator from which she was excluded, and causing her to be branded and considered as a negro by the negroes in the elevator she was directed to use; all of which greatly humiliated and mortified plaintiff's wife, caused her physical suffering and mental anguish, etc., for which plaintiff sought damages.

The doctrine is well settled in this state that, words tending to injure the reputation of another, exposing such person to public hatred, contempt, ridicule, or financial injury, or that impeaches the integrity or reputation of such person, are slanderous and actionable. See Vacicek v. Trojack, Tex.Civ.App., 226 S.W. 505; Mc-

Daniel v. King, Tex.Civ.App., 16 S.W.2d 931, writ refused. Although we have no Texas case holding that, to falsely charge a white person with being a negro would be slanderous, yet, in view of the social habits, customs, traditions and prejudices prevalent in this state, in regard to the status of whites and blacks, we think such a charge would be slanderous. See 36 C.J. p. 1172; Spotorno v. Fourichon, 40 La.Ann. 423, 4 So. 71.

However, it was not alleged that, the operator of the elevator called plaintiff's wife a negro, or classified her as such; the allegation being that the operator simply directed plaintiff's wife to leave the elevator first entered and use another at the rear of the building, the reason for the change was not stated, nor did plaintiff's wife, at the time, know the reason, which was made to appear by an innuendo, explanatory of the conduct of the operator, but not explanatory of the language used, which was unambiguous and without any implication that plaintiff's wife was a negro.

The office of an innuendo in pleadings is stated in 33 Am.Jur. (subject Libel and Slander), § 241, pp. 219–221, as follows: "Where the statement complained of as defamatory is indirect in its terms and doubtful in its meaning, the complaint must, in order to state a cause of action, contain appropriate allegations, commonly known as the innuendo, designed to show the meaning of the publication and bring out its defamatory character and effect, by reference to the antecedent matters contained in the inducement and the colloquium. Conversely, where the meaning of the statement complained of is clearly apparent upon its face, no innuendo is needed. Since the office of the innuendo is merely to explain, the authorities agree that it cannot be used to aver a fact, introduce new matter, or alter, enlarge, extend, or restrict the import of the language theretofore set out. If the words complained of are not in fact actionable, no innuendo can make them so." Also see 27 Tex.Jur. (subject Libel and Slander), § 77, p. 736; Southern Pub. Co. v. Foster, Tex. Com.App., 53 S.W.2d 1014–1016.

So we conclude that, the gravamen of plaintiff's complaint was, not that his wife was slandered either directly or by implication, by being called or classified as a negro, but that she was wrongfully excluded from the passenger elevator set apart for whites and compelled to ride with negroes in an elevator set aside for their use. Her status was that of an invitee, to whom the defendant owed a high degree of care, similar to that imposed by law upon common carriers of passengers. While the owner of the building was not a common carrier in the full sense of that term, yet, as operator of passenger elevators, was held to a high degree of care in respect to the safety and comfort of those who, on the implied invitation, use the elevator service. See Farmers' & Mechanics' Nat. Bank v. Hanks, 104 Tex. 320, 327, 328, 137 S.W. 1120, Ann.Cas.1914B, 368. The status and legal rights of an invitee are discussed in the following: 45 C.J. pp. 808 and 823; 30 T.J. p. 858, § 175; Bustillos v. Southwestern, etc., Co., Tex.Com.App., 211 S.W. 929; Moreman Gin Co. v. Brown, Tex.Civ.App., 291 S.W. 946; Bleich & Co. v. Emmett, Tex.Civ.App., 295 S.W. 223, 227; El Paso Laundry Co. v. Gonzales, Tex.Civ.App., 36 S.W.2d 793.

If, at the trial, plaintiff establishes a cause substantially as alleged, we think he would be entitled to recover damages for the mental pain and humiliation suffered by his wife as the result of the breach of the duty owing her as an invitee. See Missouri, K. & T. R. Co. v. Ball, 25 Tex.Civ. App. 500, 61 S.W. 327. For the reason just stated, we think the court below had jurisdiction of the cause, hence the judgment is reversed and the cause remanded for further proceedings.

Reversed and remanded.