**PUGH et al. v. BORST et al.**

No. 12232.

Court of Civil Appeals of Texas. San Antonio.

Feb. 28, 1951.

Rehearing Denied April 4, 1951.

Lloyd & Lloyd, Alice, for appellant.

Lyman, Pittman & Schraub, Corpus Christi, for appellee.

NORVELL, Justice.

This is an appeal from an order overruling a plea of privilege. We have decided that one of appellants' points requires a reversal of the order appealed from and the rendition of judgment sus-

taining the plea of privilege. For this reason we shall not discuss other points contained in appellants' brief, which if sustained would require a reversal and remand only.

It appears that in October, 1949, the District Court of Duval County rendered judgment dissolving the marriage of Elizabeth Pugh and James Roy Pugh, Sr. Custody of their child, James Roy Pugh, Jr., was awarded to the paternal grandmother, Mrs. D. J. Pugh. The decree provided that the mother could have temporary possession of the child for one twenty-four hour period during each month.

The mother thereafter married Donald Borst and now lives in Corpus Christi, Nueces County, Texas. On August 25, 1950, Mrs. Borst, joined by her husband, brought suit in Nueces County, praying that the permanent custody of the child be awarded to her.

Upon the filing of the petition and without notice to Mrs. D. J. Pugh or her husband, the adverse parties to the suit, the trial judge entered a temporary order awarding custody of the child to Mrs. Elizabeth Pugh Borst until final hearing of the matter. Apparently the suit was filed during one of the twenty-four hour periods Mrs. Borst was allowed to have the child under the decree of the District Court of Duval County.

On August 28, 1950, Mrs. D. J. Pugh and her husband, D. J. Pugh, filed their plea of privilege to be sued in La Salle County, the county of their residence.

On the same day, the trial court set aside its former order of August 25th, awarding temporary custody of the child to Elizabeth Pugh Borst. This order recites that this action was taken upon "the court's own motion."

On September 7th, Elizabeth Pugh Borst and her husband filed their controverting affidavit, consisting for the most part of special exceptions. There was no denial of the allegation contained in the plea of privilege that Mr. and Mrs. D. J. Pugh resided in La Salle County, Texas.

Upon hearing the trial court sustained the exceptions and objections contained in Paragraphs I, II and III of the controverting affidavit, and overruled the plea of privilege.

Paragraph I is nothing more than a general demurrer and should have been overruled. Rule 90, Texas Rules of Civil Procedure.

Paragraph II asserts that the plea of privilege was not properly sworn to. The plea on its face shows that the attorney for defendants swore that "the foregoing plea and every statement, allegation and denial contained therein are true." The affidavit was sufficient and the exception contained in Paragraph II should have been overruled. Rule 14, R. C. P.

Paragraph III is in the nature of a fact pleading. It is asserted that Mrs. D. J. Pugh had waived her plea of privilege because on the day she filed her plea of privilege, that is, on August 28, 1950, she submitted herself to the jurisdiction of the court, "and did invoke the jurisdiction of this court and did seek affirmative relief from this court, all in this cause, by her said attorney, Parker Ellzey, seeking and procuring an order from this the said 105th District Court of Nueces County, Texas, requiring the said Elizabeth Pugh Borst to return the minor, James Roy Pugh, Jr., to the custody of the said Mrs. D. J. Pugh, and that said attorney for Mrs. D. J. Pugh did get out process requiring the return of the custody of the minor child, and placed same in the hands of the Constable of Nueces County, Texas, Precinct No. 1, for service upon the Petitioner, Elizabeth Pugh Borst, and by reason thereof Petitioner says that Respondents' Plea of Privilege filed subsequent to said motion comes too late and is improper and should be dismissed or overruled."

The substance of the allegations of Paragraph III were repeated in subsequent paragraphs of the controverting affidavit and it was further asserted that the Nueces County District Court had venue of the cause for the reason that the child was

physically present within the confines of Nueces County when the suit was brought.

█ The trial court erred in sustaining the so-called exception contained in Paragraph III of the controverting affidavit and in sustaining the plea of privilege, for the reason that the allegations of the controverting affidavit wholly fail to show that an exception to the general rule that a defendant must be sued in the county of his residence exists, but, on the contrary, such allegations affirmatively show that the proper venue of this cause is La Salle County. Yeagle v. Bull, Tex.Civ.App. 235 S.W.2d 226; Goodman v. Goodman, Tex. Civ.App., 236 S.W.2d 641, decided by this Court on February 7, 1951.

The defendants admitted that La Salle County is the residence of Mrs. D. J. Pugh and relied upon an alleged waiver of the plea of privilege to sustain the Nueces County venue.

█ As above pointed out, the order of August 25, 1950, was temporary and preliminary in nature. It was issued without notice to defendants. The plea of privilege would not be waived if this temporary order were set aside upon defendants' motion rather than upon the court's own motion. McKinney v. Texas Life Insurance Co., Tex.Civ.App., 143 S.W.2d 789; Thacher Medicine Co. v. Trammell, Tex. Civ.App., 279 S.W. 307, 308.

The order appealed from is reversed and judgment here rendered sustaining the plea of privilege and transferring the venue of this cause to the District Court of La Salle County. The clerk of the District Court of Nueces County is directed to prepare a proper transcript and proceed in accordance with the provisions of Article 89, R. C. P.

Order reversed and plea of privilege sustained.