334

Court of Civil Appeals of Texas.
Austin.

Dec. 16, 1953.

Rehearing Denied Jan. 6, 1954.

William C. McDonald, San Angelo, for appellants.

Bradley & Geren, Groesbeck, for appellees.

ARCHER, Chief Justice.

This is an appeal in a child custody case from an order sustaining the severance motion of the defendant C. H. Bradford and from an order sustaining the plea of privilege filed by the defendants A. J. Bradford and wife Mrs. A. J. (Mary E.) Bradford, which order transferred the cause of action as to the defendants Mr. and Mrs. A. J. Bradford from Tom Green County to Limestone County where they reside.

The appeal is before this Court on two points, and are:

"First Point:

"The error of the trial court in sustaining the plea of privilege of the defendants A. J. Bradford and Mrs. A. J. (Mary E.) Bradford, as a cause of action was established against such defendants in Tom Green County, Texas under section 4 of Article 1995 R.C.S. also under section 9 of the aforesaid

statute [Vernons' Ann.Civ.St. art. 1995, subd. 9].

"Second Point:

"The error of the trial court in granting the motion for a severance to the defendant C. H. Bradford, as said defendant is a necessary party and a resident of Tom Green County, Texas, and there is no evidence upon which the court's action may be sustained."

On August 18, 1950, in a suit filed by C. H. Bradford against Aldine Bradford, a divorce was granted C. H. Bradford in the 51st District Court of Tom Green County, and the custody of a minor child of the parties, Vivian May Bradford, was awarded to Mrs. A. J. (Mary E.) Bradford, the paternal grandmother.

On February 17, 1953, in the 87th District Court of Limestone County, Texas, in a suit instituted by Aldine Sebolt and her present husband against Mrs. A. J. (Mary E.) Bradford et al., a judgment was rendered awarding the custody of said Vivian May Bradford to Mr. and Mrs. A. J. Bradford.

On June 3, 1953, this suit was filed in the 51st District Court of Tom Green County by Aldine Bradford Sebolt and her husband against C. H. Bradford, Mrs. A. J. (Mary E.) Bradford and A. J. Bradford, seeking the custody of the child, Vivian May Bradford, alleging changed conditions and that plaintiff was a fit and proper person to have the care and custody of the child and that C. H. Bradford be required to contribute reasonable support for the child, etc.

C. H. Bradford answered and alleged that the child was in the custody of Mrs. A. J. Bradford and that he was not the legal custodian of said child, and that no bona fide claim was asserted by the plaintiff against him, and moved the court to sever the cause of action as to him.

A. J. Bradford and wife filed their plea of privilege to be sued in Limestone County, the county of their legal residence, and that no exception to exclusive venue in the county of their residence existed in said cause.

The plaintiff filed controverting pleas and made certain exceptions.

The hearing on the motion for severance filed by C. H. Bradford and the plea of privilege filed by A. J. Bradford and wife was had on July 24, 1953, and an order severing the cause as to C. H. Bradford was made and the plea of privilege of the other defendants was sustained and an order entered on August 14, 1953, transferring the cause to Limestone County.

Appellants contend that since the child was actually in Tom Green County and at the premises of her father C. H. Bradford that he had custody of such child and that C. H. Bradford told Mrs. Sebolt that he was taking the child to California and had actually moved to California since the filing of the suit constituted evidence and circumstances sufficient to support a finding that the grandparents, the legal custodians of the child, had surrendered custody of the child to C. H. Bradford.

C. H. Bradford did not testify in the case.

The defendants A. J. and Mary E. Bradford testified that under no circumstance had they given the child to C. H. Bradford and would not do so. Further testimony was given that the child had been brought to Tom Green County by one of its aunts, Mrs. Ollie Sellers, with whom it was to stay and be permitted to visit its father and its mother, and that the aunt was instructed to bring the child home if any trouble arose, and immediately after the suit was filed the child was brought back to its home in Limestone County.

The A. J. Bradfords testified that their residence was in Limestone County and they were living there when the suit was filed.

■ We believe that the trial court was correct in its order severing as to C. H. Bradford and in sustaining the plea of privilege of A. J. and Mary E. Bradford and ordering the cause as to them transferred to Limestone County.

■ Insofar as the suit for contribution is concerned such suit would be proper if

filed with the court granting the divorce, but suits relitigating the custody of the child would have to be brought where the defendants having legal custody of the child are domiciled.

Lakey v. McCarroll, 134 Tex. 191, 134 S. W.2d 1016.

■ We do not believe that the plaintiffs after having instituted a suit in Limestone County for the custody of the child and denied relief that they can relitigate the case seeking a modification of the custody of the child in Tom Green County.

■ C. H. Bradford did not have the custody of the child and he was not a proper or necessary party to the suit.

Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300; Pugh v. Borst, Tex.Civ.App., 237 S.W.2d 1021; Spell v. Green, 144 Tex. 535, 192 S.W.2d 260; Knollhoff v. Norris, Tex.Sup., 256 S.W.2d 79.

The plaintiffs did not prove bona fide cause of action against C. H. Bradford. The evidence shows that the child was in Tom Green County on a visit by the consent of the grandparents with their daughter and C. H. Bradford did not have custody of the child.

The ruling of the trial court transferring the cause to Limestone County amounted to a finding of no fraud on the part of the defendants A. J. Bradford and wife.

The law governing appeals on a plea of privilege hearing in regard to the findings of the trial court is stated in the case of Snyder v. Johnson, Tex.Civ.App., 237 S.W. 2d 740.

The action of the trial court in the order of severance as to C. H. Bradford is in effect an order of dismissal as to him because no bona fide cause of action was proven against him and none existed. The trial court passed on the credibility of the witnesses and resolved the facts against appellants, and the evidence was sufficient to sustain the judgment of the court.

Snyder v. Johnson, supra.

The judgment of the trial court is affirmed.

Affirmed.