**Mrs. Dempsey MORROW, Appellant,**

v.

**PORT ARTHUR INDEPENDENT SCHOOL DISTRICT, Appellee.**

No. 8208.

Court of Civil Appeals of Texas, Beaumont.

Nov. 30, 1978.

Rehearing Denied Dec. 21, 1978.

Gerald Eddins, Port Arthur, for appellant.

Banker Phares, Port Arthur, for appellee.

DIES, Chief Justice.

Plaintiff below, Mrs. Dempsey Morrow on behalf of her son, Walter Morrow, sued the Port Arthur Independent School District, defendant below, for the negligence of an employee, the principal of DeQueen School, in failing to instruct the school bus driver to let her son off on Sixth Street rather than Seventh Street. Plaintiff alleged Seventh Street was "very busy" and created a "dangerous situation."

Defendant filed a general denial, and in its prayer asked "that this action be dismissed by the court; that the court find that no cause of action whatsoever exists in favor of Plaintiff."

Defendant later filed a Motion to Dismiss on the grounds that it was protected by the doctrine of governmental immunity, and the court dismissed the case. From this order of dismissal, plaintiff brings this appeal.

The Motion to Dismiss amounted to a general demurrer, which Tex.R.Civ.P. 90 directs "shall not be used."

See Ragsdale v. Ragsdale, 520 S.W.2d 839, 842 (Tex.Civ.App.—Fort Worth 1975, no writ); Pugh v. Borst, 237 S.W.2d 1021 (Tex.Civ.App.—San Antonio 1951, no writ); McClain v. State, 235 S.W.2d 947 (Tex.Civ. App.—Eastland 1951, writ ref'd n. r. e.); Texas Employers Ins. Ass'n v. Tyler, 224 S.W.2d 783 (Tex.Civ.App.—Galveston 1949, writ ref'd).

The proper manner for defendant below to raise its contention would be to seek a Summary Judgment as provided in Tex.R. Civ.P. 166-A, or it could proceed in the manner outlined by Judge Keith in McCamey v. Kinnear, 484 S.W.2d 150, 152–153 (Tex.Civ.App.—Beaumont 1972, writ ref'd n. r. e.).

In the posture the cause reaches us we cannot consider the merits. The order of the trial court granting Port Arthur Independent School District a dismissal is reversed, and the cause is remanded to that court.

REVERSED and REMANDED.

KEITH, Justice, concurring and dissenting.

I am in accord with the determination that defendant could have properly raised its jurisdictional point by a motion for summary judgment or by special exception under Tex.R.Civ.P. 90 (1967), as interpreted in McCamey v. Kinnear, 484 S.W.2d 150, 152–153 (Tex.Civ.App.—Beaumont 1972, writ ref'd n. r. e.). I do not agree that these two procedures are exclusive or that the trial court erred in dismissing the case because plaintiff's pleadings failed to state a cause of action.

Plaintiff's petition contains three numbered paragraphs and a prayer. The first paragraph identifies the parties. The second, alleging negligence, is quoted in the margin;[1] and the third contains the damage allegations.

1. "On or about June 10, 1976, at approximately 1:04 p. m., Plaintiff's minor son, WALTER

MORROW, was struck and injured by a passing automobile, after being dropped off of a

Defendant's answer is unusual, consisting of a general denial and a lengthy prayer which is quoted in the margin.[2] Subsequently, defendant filed its motion to dismiss wherein it alleged that as an independent school district it was protected by the doctrine of governmental immunity except as such immunity had been waived by the Texas Tort Claims Act, *Tex.Rev.Civ.Stat. Ann. art. 6252–19, § 19A (1978)*. After quoting § 19A, defendant alleged: "Plaintiff's cause of action, however, is not one that is allowed under Sec. 19A and, therefore, should be dismissed."

The order of dismissal recites that there was a hearing on the motion to dismiss, but the order does not contain any recitation that plaintiff sought leave to amend or objected to the procedure followed in the disposition of the motion.

As noted earlier, I am of the opinion that while either procedure set forth in the majority opinion would have been proper under this record, that followed by the trial court was not erroneous. Several courts have used such a procedure in the disposition of suits—all after the adoption of *Tex. R.Civ.P. 90* in 1940. I discuss a few of these cases.

In *Lone Star Gas Co. v. Murchison*, 353 S.W.2d 870, 871 (Tex.Civ.App.—Dallas 1962, writ ref'd n. r. e.), the first syllabus in the opinion reads:

"We have concluded that the pivotal question presented by this appeal is propriety of the trial court's action in holding that Lone Star's pleadings failed to state a cause of action and in dismissing the suit."

The court then examined the pleadings and found that a cause of action was stated and the judgment was reversed and the cause was remanded. Earlier, a similar result had been reached in *Lane v. Davis*, 337 S.W.2d 292, 293 (Tex.Civ.App.—San Antonio 1960, no writ). The *Lone Star Case*, supra, has been followed in several other cases, namely: *Lower Colorado River Authority v. McIntyre*, 494 S.W.2d 219, 221 (Tex.Civ.App.—Austin 1973, no writ); *Newton v. Dallas Morning News*, 376 S.W.2d 396, 397 (Tex.Civ.App.—Dallas 1964, no writ).

*Newton v. Dallas Morning News* lays down the rule to be followed in such a case:

"Since the trial court disposed of this cause by sustaining a motion to dismiss thereby holding that appellants' petition failed to state a cause of action, we must test the propriety of this action in the same manner as previously done under the general demurrer practice and in so doing we must assume the truth of the allegations contained in the petition. *Lone Star Gas Co. v. Murchison*, Tex.Civ. App., 353 S.W.2d 870." (376 S.W.2d at 397)

The court proceeded to test the ruling under such standard and found, just as the trial court had concluded, that the pleading did not state a cause of action and the judgment of dismissal was affirmed.

school bus owned and operated by the PORT ARTHUR INDEPENDENT SCHOOL DISTRICT, as he attempted to cross Seventh Street. Plaintiff would show that Plaintiff had, on two previous occasions within a few days of the incident, requested the principal of DeQueen School to instruct the bus driver to drop her son on Sixth Street to avoid the necessity of his crossing the very busy Seventh Street. Although the principal indicated such arrangements would be made they were not, and as a direct and proximate result of the principal's failure to make the necessary arrangements Plaintiff's minor son was forced to cross Seventh Street at a busy time of day, which ultimately resulted in the injuries made the basis of this suit. Plaintiff would show that such

failure on the part of Mr. Meeks, the principal of DeQueen School, as an agent or employee of the PORT ARTHUR INDEPENDENT SCHOOL DISTRICT, was negligence and especially so when prior warning of the dangerous situation was given on at least two previous occasions."

2. "WHEREFORE, PREMISES CONSIDERED, Defendant prays that this action be dismissed by the Court; that the Court find that no cause of action whatsoever exists in favor of Plaintiff; that Defendant owes Plaintiff no money whatsoever for the causes advanced by Plaintiff; that all attorney's fees be denied Plaintiff's attorney; that all costs of Court be assessed against Plaintiff; and for such other relief as the Court may find Defendant entitled."

Plaintiff's counsel, even upon appeal, does not suggest that he could have amended the petition to state a cause of action. Instead, he argues in the first point that "Plaintiff's claim is within the purview of the waiver of immunity in the Texas Tort Claims Act," while the second and final point simply avers that there are material (but undisclosed) issues of fact to be determined and that the defendant did not establish as a matter of law that plaintiff had no cause of action.

It cannot be argued successfully at this point in time that school districts are liable in tort for the negligence of their agents except to the extent that the defense of governmental immunity has been waived by § 19A of the Texas Tort Claims Act. *Barr v. Bernhard*, 562 S.W.2d 844, 846 (Tex. 1978), citing with approval *Coleman v. Beaumont Independent School District*, 496 S.W.2d 245, 246 (Tex.Civ.App.—Beaumont 1973, writ ref'd n. r. e.), wherein Chief Justice Dies collated and cited many cases so holding.

*Section 19A* of the Texas Tort Claims Act is a model of legislative simplicity, and I quote it in its entirety:

"The provisions of this Act shall not apply to school districts or to junior college districts except as to motor vehicles."

Plaintiff's petition did not mention the Tort Claims Act or the waiver; instead, the petition was simply one sounding in common law negligence under the doctrine of respondeat superior. As such, it stated no cause of action against the defendant.[3]

In *Campsey v. Brumley*, 55 S.W.2d 810, 812 (Tex.Comm'n App.1932, holdings approved), the Court held:

"The jurisdiction of a court is determined, not by the judgment rendered, but by the petition."

See also *Northwest Oil Company v. Railroad Commission*, 462 S.W.2d 371, 376 (Tex. Civ.App.—Beaumont 1971, writ ref'd n. r. e.).

3. It is appropriate to note at this point that under the terms of *Tex.Educ.Code Ann. § 16.55 (1972)*, a variation of the bus route would have been unlawful, said section reading in part:

After testing the allegations under the rationale of the *Lone Star Gas* and *Newton* cases, supra (353 S.W.2d at 871 and 376 S.W.2d at 397, respectively), by assuming the truth of the allegations contained in the petition, I am of the opinion that no cause of action was stated in the petition, and that the trial court properly dismissed the cause. I would affirm the judgment of dismissal.

"School buses shall be operated to and from school upon approved school bus routes and *no variations shall be made therefrom*." (emphasis supplied)