THE STATE v. IDA ECKHARDT, Appellant.

Division Two, December 31, 1910.

1. STATUTORY CONSTRUCTION: Ejusdem Generis: Noscitur a Sociis: Abandoning Child. The words "other place," used in the statute penalizing the exposure of a child "in a street, field or other place, with the intent wholly to abandon it," do not mean that the place of exposure or abandonment must be a street or field, or a like place where the exposure is as great or greater than if in a field or street, but may include "a street railway shelter or station," which is the place of exposure charged in the indictment in this case. The words "field" and "street" signify subjects greatly different from one another, and hence the principle of *ejusdem generis* does not apply, nor does that of *noscitur a sociis,* for the words "field" and "street" are not even remotely related, and neither derives any color from its association with the other.

2. ————: Abandoning Child: Meaning of Statute. The object of the statute forbidding the exposure of a child of tender years "in a street, field or other place, with intent wholly to abandon it" was to make it an offense to expose "such child" in any place

232 Sup.—4

with intent to abandon it; and the word "expose" means to cast out, or leave or place in a probably fatal position, which of itself indicates an intention to abandon.

Appeal from St. Louis County Circuit Court.—*Hon. John W. McElhinney,* Judge.

Affirmed.

*B. L. Matthews* and *Henry Higginbotham* for appellant.

(1) Section 1856, R. S. 1899, is both criminal and highly penal, and in derogation of the common law; is to be strictly construed, construed *stricti,* if not *strictissimi juris;* is not to be extended by implication, to include other persons, places or things than those within both its letter and spirit. State v. Gritzner, 134 Mo. 527; State v. Bryant, 90 Mo. 537; State v. Schuchmann, 133 Mo. 111; State v. Krueger, 134 Mo. 262; State v. Butler, 178 Mo. 319; Dooley v. Jackson, 104 Mo. App. 32; State v. Koonze, 123 Mo. App. 661; People v. Naer, 30 Hun, 461; People ex rel. v. Sheriff, 54 Misc. 8; 22 Cyc. 527. (2) Section 1856, R. S. 1899, should be construed in the light of the related sections, 1861 and 1857, and of the common law offense and of the offense as known to the ancients. People v. Joyce, 112 App. Div. (N. Y.) 717, 189 N. Y. 518; Shannon v. People, 5 Mich. 91. (3) The indictment must charge all the elements essential to the offense. McDaniel v. Campbell, 78 Ga. 188; Commonwealth v. Stoddard, 9 Allen, 280; Gedney v. Dey, 44 N. J. L. 576; Richie v. Commonwealth, 23 Ky. L. R. 1237; State v. Schuchmann, 133 Mo. 116. (4) The words "in a street, field or other place," are descriptive of the offense. The indictment is fatally defective because of not containing the descriptive words the statute contains. State v. Schuchmann, 133 Mo. 116; People v. Joyce, 112 App. Div. (N. Y.) 717, 189 N. Y. 518; Shannon v. People, 5 Mich. 71.

*Elliott W. Major,* Attorney-General, and *Charles G. Revelle,* Assistant Attorney-General, for the State.

(1) The indictment is bottomed on Sec. 4490, R. S. 1909, and fully charges every element of the crime. State v. Davis, 70 Mo. 467; State v. Wilkerson, 170 Mo. 191. For the purpose of charging the crime, a comparison of this section with Sec. 4479, R. S. 1909, discloses a striking similarity, and the rulings on indictments based on the section last mentioned are applicable here and fully sustain the sufficiency of this indictment. State v. Lingle, 128 Mo. 528; State v. Napper, 141 Mo. 401; State v. Summar, 143 Mo. 220. (2) The record affirmatively discloses that appellant was duly arraigned; that a jury was properly selected and sworn and a trial had in regular order. The verdict and judgment are in regular form and in every way sufficient. Under these conditions, this court can but affirm the judgment. State v. Miller, 209 Mo. 389; State v. Brown, 206 Mo. 718.

BURGESS, J.—Defendant and one Clara Shabulak were jointly indicted, charged with exposing, with intent wholly to abandon, a child under the age of six years, which child had been confided to them by a person or persons unknown. Defendant was thereafter duly arraigned, entered her plea of not guilty, and, upon her motion, a severance was granted. The trial resulted in a verdict of guilty, her punishment being assessed at two years in the penitentiary. Her motions for new trial and in arrest of judgment having been overruled, defendant appealed from the judgment of conviction.

No bill of exceptions was filed in this case, and the only error assigned relates to the sufficiency of the indictment. The indictment is bottomed on section 1856, Revised Statutes 1899 (sec. 4490, R. S. 1909), which is as follows: "If any father or mother of any child under the age of six years, or any other person to whom

such child shall have been confided, shall expose such child in a street, field or other place, with intent wholly to abandon it, he or she shall, upon conviction, be punished by imprisonment in the penitentiary not exceeding five years, or in the county jail not less than six months."

The charge in the indictment is "that Ida Eckhardt and Clara Shabulak, on the 13th day of August, A. D. nineteen hundred and eight, at said county of St. Louis, and State of Missouri, did then and there unlawfully and feloniously expose a certain child under the age of six years, to-wit, of the age of fourteen days, in a certain street railway shelter or station, with intent to unlawfully and feloniously wholly abandon said child, said child having been confided to them, the said Ida Eckhardt and Clara Shabulak, by person or persons unknown, contrary to the form of the statute," etc.

Defendant contends that the place of exposure and abandonment "must be a street or field, or like place, where the exposure is as great or greater than if in a field or street, and not in a place of shelter as charged in the indictment." By this contention we understand the defendant to invoke the doctrine of *ejusdem generis,* a familiar rule of construction, that where general words follow the enumeration of particular classes of persons or things, the general words will be construed as applicable only to persons or things of the same general nature or class as those enumerated. "The rule is based on the obvious reason that if the Legislature had intended the general words to be used in their unrestricted sense they would have made no mention of the particular classes. The words 'other' or 'any other,' following an enumeration of particular classes are therefore to be read as 'other such like,' and to include only others of like kind or character. The doctrine of *ejusdem generis,* however, is only a rule of construction, to be applied as an aid to ascer-

taining the legislative intent, and does not control
where it clearly appears from the statute as a whole
that no such limitation was intended. Nor does the
doctrine apply where the specific words of a statute
signify subjects greatly different from one another;
nor where the specific words embrace all objects of
their class, so that the general words must bear a
different meaning from the specific words or be mean-
ingless." [36 Cyc. 1119-1122.] This definition fairly
and clearly explains the meaning, purpose, manner of
applying and limitations of the doctrine invoked.

It is very clear to us that the principle of *ejusdem
generis* cannot be applied here, nor yet the doctrine
of *noscitur a sociis*, for the words "street" and "field,"
appearing in the statute, are not even remotely related,
and neither derives any color from association with the
other, but each stands as the representative of a dis-
tinct class. The meaning, then, of the general ex-
pression "or other place," in the statute is not re-
stricted or affected by the preceding particular words,
which "signify subjects greatly different from one
another."

Endlich on the Interpretation of Statutes, section
409, says: "Further, the general principle in question
applies only where the specific words are all of the
same nature. Where they are of different *genera,* the
meaning of the general word remains unaffected by its
connection with them. Thus, where an act made it
penal to convey to a prisoner, in order to facilitate his
escape, 'any mask, dress, or disguise, or any letter, or
any other article or thing,' it was held that the last
general terms were to be understood in their primary
and wide meaning, and as including any article or thing
whatsoever which could in any manner facilitate the es-
cape of a prisoner, such as a crowbar. [Reg. v. Payne,
L. R. 1 C. C. 27.]"

The great fundamental rule in the construction of
statutes is to ascertain and give effect to the intention

of the Legislature. For the purpose of discovering the legislative intent it is proper, and often necessary, to consider the history of the statute, the reason for its enactment, and the prior state of the law on the subject to which the statute relates. [Gabriel v. Mullen, 111 Mo. 119; Greeley v. Railroad, 123 Mo. 157; Missouri Light Co. v. Scheurich, 174 Mo. 235; State v. Balch, 178 Mo. 392.]

Our statute first appears in the Revised Statutes of 1835, p. 172, and except for a minor change in the punishment, has remained unchanged since its adoption. The section is substantially a copy of a provision in the Revised Statutes of New York, 1829 (vol. 2, p. 665, sec. 35), the only difference being that the New York statute contains the words, "expose such child in any highway, street, field, house or outhouse," while the words in our statute are "street, field or other place." There is no doubt in our mind that the object of our lawmakers in making such change was to broaden the scope of the statute, and render it an offense for any such person as therein designated to expose a child in a street or field, or any other place, no matter where, with intent wholly to abandon it. This view is strengthened by the fact that the New York Legislature, probably moved by the same considerations as ours, repealed the old and enacted a new law in 1881 (New York Laws of 1881, chap. 676, sec. 287), which reads as follows: "A parent or other person having the care or custody, for nurture or education, of a child under the age of fourteen years, who deserts the child in any place, with intent wholly to abandon it, is punishable by imprisonment for not more than seven years."

If the statute were construed as suggested by defendant's counsel, it would lead to the most absurd and dangerous consequences. Suppose the places of exposure named therein were increased in number so as to include, we shall say, a house, outhouse, yard, gar-

den, orchard, etc. What then? A child might be exposed and deserted in a tent, and be exposed to as much danger there as in any of the other places named. A maxim of law which well applies here is, that "as exceptions strengthen the force of a general law, so enumeration weakens as to things not enumerated."

With reference to the word "expose," as used in the statute, there is no difficulty as to its meaning. A very respectable authority, Webster's New International Dictionary, gives one definition of this word as: "To turn or cast out; to place and leave in a probably fatal position; to abandon; as, to expose an infant." That this is the sense in which the word is employed in the statute there can be no doubt. In view of this definition, which we accept as the proper one here, a child could be exposed in a "street railway shelter or station" as much as in a street or field.

Shannon v. People, 5 Mich. 71, was a prosecution under a statute similar to ours. Construing the statute, the court said: "At common law, the exposure of a child, with intent to abandon, was no offense, unless injury to the child actually ensued; and then the crime was measured by the event. In other words, the common law punished *only the injury,* not the *exposure* to, or *hazard* of, the injury. [Reg. v. Hogan, 5 Eng. L. and Eq. 553; Reg. v. Renshaw, 20 Ib. 593; Ib. 591; 1 Bishop, Cr. Law, sec. 413.] But it was often difficult to determine whether the injury in a given case was the result of the exposure, or of some other cause; besides, this remedy, after the mischief was done, came too late. The object of the statute obviously was to meet the exposure to injury *in limine;* to prevent the hazard of injury, and to punish as a crime the act creating the hazard."

We find nothing wrong with the indictment in this case. It is sufficient under the statute, and the record being free from error the judgment is affirmed.

PER CURIAM.—This opinion was prepared by BURGESS, J., prior to his death, and as it expresses our views we hereby adopt the same as our opinion and the opinion of the court. All the judges concur.