ESTELLE CRUM V. THE STATE.

No. 18614. Delivered January 6, 1937.
Rehearing Denied February 10, 1937.

The opinion states the case.

*McLean & Scott* and *Jack Binion,* all of Fort Worth, for appellant.

*Will R. Parker,* Criminal District Attorney, and *Herbert C. Wade* and *Leo Brewster,* Assistant Criminal District Attorneys, all of Fort Worth, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of kidnapping, and her punishment was assessed at confinement in the state penitentiary for a term of five years.

The testimony shows that on the night of June 11, 1935, the appellant, aided by others, confined Harvey Crum in his room, whipped, beat, and otherwise mistreated him until he signed, acknowledged, and delivered to her a deed conveying to her certain real estate situated in the city of Fort Worth, Texas.

Appellant's first contention is that the law under which this prosecution was instituted is unconstitutional in that the caption contains more than one subject which is in violation of

Section 35 of Article 3 of our Constitution, which provides, among other things, that no bill shall contain more than one subject, which shall be expressed in its title. The title to Article 1177a, reads as follows:

"An Act amending Section 1 of Chapter 12, Acts of the Forty-second Legislature, defining the offense of kidnapping for extortion, ransom or robbery so as to provide for capital punishment regardless of whether the person kidnapped, detained or enticed away is returned by the defendant without serious bodily injury; and declaring an emergency."

Looking to the caption, it is obvious that it contains but one subject fairly indicated by its title and deals only with matters directly related to the main subject which are necessary to the accomplishment of the purpose of the act.

In the case of Breen v. Texas & Pacific Ry. Co., 44 Texas, 302, the Supreme Court of this State said:

"And it has been often held to be a sufficient compliance with its provisions, if the law has one general object which is fairly indicated by its title, though it may embrace different subjects which are connected with or appropriate for the accomplishment of this general object."

See McMeans v. Finley, 32 S. W., 524; Ex parte Walsh, 59 Texas Crim. Rep., 409.

Appellant also complains of the court's action in overruling the motion to quash the indictment which, omitting the formal parts, reads as follows:

"* * * that one Estelle Crum, * * * in the County of Tarrant and State aforesaid, on the 11th day of June, 1935, did then and there forcibly detain, forcibly take, forcibly confine, forcibly conceal and fraudulently entice away Harvey Crum for the purpose and with the intent of taking, receiving, demanding and extorting from the said Harvey Crum, the person so restrained as aforesaid, a valuable thing, to-wit: a warranty deed to certain real estate, namely, Lot Number Sixteen (16) and the West One-half (W½) of Lot Number Fifteen (15) in Block Number Eight (8), of Boaz and Dillow Addition to the City of Fort Worth, Tarrant County, Texas, executed by the said Harvey Crum and conveying all the title and interest in and to said real estate then and there owned and held by the said Harvey Crum to one Estelle Crum, which said warranty deed was then and there of the tenor as follows, to-wit."

(Then follows a copy of the deed.)

Appellant most earnestly asserts that the allegation, "a valuable thing, to-wit, a warranty deed, etc." is but a conclusion of

the pleader. We do not regard it as such because the general allegation that the deed was a valuable thing is a statement of a fact. However, we do not deem it necessary in cases of this kind that the actual or approximate value of the property extorted be alleged because the punishment prescribed by law is the same whether the property be of much or little value. We are not unmindful of the holding of this court in the cases of Luce v. State, 224 S. W., 1095; Roberts v. State, 13 S. W. (2d) 863, that the value of the deed should be stated, but those cases were the outgrowth of swindling schemes and the punishment prescribed in such cases is fixed and controlled according to the value of the property acquired. However, in the instant case, it is immaterial whether the criminal enterprise was a success or not. It is sufficient to constitute an offense under Article 1177a, P. C., if it was intended to extort a valuable thing by making a demand therefor.

Appellant's next contention is that inasmuch as the gist of the offense consists of the extortion of money or valuable thing, therefore the phrase "or valuable thing" should, under the rule of *ejusdem generis,* be limited to the same general kind or class of things as money. In other words, a deed, note, bill of sale or jewelry not being of the same kind or class as money could be taken from any person by restraining him of his liberty without violating the statute. Money is in a class to itself and no other thing comes within the same general class; although it may be either coin or currency, whatever may be its denomination, it is money, a standard measure of values.

In the case of State v. Eckhardt, 133 S. W., 321, the Supreme Court of Missouri said:

"The doctrine of ejusdem generis, however, is only a rule of construction to be applied as an aid to ascertaining the legislative intent, and does not control where it clearly appears from the statute as a whole that no such limitation was intended. Nor does the doctrine apply where the specific words of a statute signify subjects greatly different from one another; nor where the specific words embrace all objects of their class, so that the general words must bear a different meaning from the specific words or be meaningless."

In the case of United States v. Ballard, 118 Fed. Rep., 757, the court, in construing such a statute held that the term "or other valuable thing" is a comprehensive one and means and implies a thing of value or worth to the party who obtains it.

In the instant case, the prosecutor was forced to part with the title to his property at least until and unless he could divest

her of the same and recover it, if at all, yet it would take time, effort, and money to do so. A deed, like a bill of sale, is evidence of the transfer of title to property from the grantor to the grantee, without which the title would not pass. Hence, it is obvious that a deed conveying real estate is a valuable thing and comes within the meaning of the statute. We think it is apparent from the statute as a whole that no such limitation was intended by the legislature as contended for by appellant.

Appellant further contends that the court erred in declining to sustain the motion to quash the indictment because it is averred therein that she did then and there forcibly detain, forcibly confine, forcibly take and extort a valuable thing, to-wit, a warranty deed, etc., which is inconsistent with and repugnant to the allegation that the deed was a valuable thing because a deed having been extorted could not be a valuable thing in that it is void and of no force and effect. A deed thus obtained is not void but merely voidable as between the parties. If the appellant had conveyed the property to an innocent purchaser for value without notice of its latent vice, the title to the property would have passed to the purchaser and the injured party's only remedy would have been a suit for damages.

The appellant's contention that the indictment charges no offense against the laws of the State is untenable because the offense is charged in the language of the statute, which is ordinarily sufficient.

Appellant also complains of the admission in evidence of the deed alleged to have been extorted on the ground of variance. We find no bill of exception in the record showing that any objection was made to its admission in evidence. Appellant takes the position, however, that the variance entitled her to a peremptory instruction of not guilty and that the court's refusal to submit such a requested special instruction was error. We cannot agree with her because the deed was offered as evidence without any objection being made thereto, and the variance, if any, was not of such material nature as to destroy or defeat the State's case. The photostat copy of the deed shows that part of the consideration was written in figures with a typewriter. The deed, as set out in the indictment, shows the figures to be "100" while the photostat copy shows "$1.00." The period following the figure "1" evidently was inserted with pen and ink because the space between the figures "1" and "0" is not sufficient to have permitted the period to have been made with a typewriter. However, we do not deem the variance of such a material nature as to defeat or disprove the State's case.

Wharton on Criminal Evidence (10th Edition), Volume 1, Section 90, states the rule as follows:

"A material variance at law is such a difference between the essential parts of a legal proceeding that one of such parts is rendered ineffectual to such a degree that the proceeding fails."

The variance was not material as it made no difference whether the consideration was $100.00 or $1.00 as the offense was complete and the punishment the same in either event. We therefore overrule appellant's contention.

Appellant contends that the only thing which was extorted from Harvey Crum was his signature and not the alleged deed, that she was entitled to a peremptory instruction from the court which the court declined to give. If she had merely compelled him, by the means employed by her and her associates as disclosed by this record, to sign his name upon a blank piece of paper, then her position might be well taken; but the proof of this case shows that she forced him to sign his name to a warranty deed conveying to her certain real estate and forced him to acknowledge the deed which she immediately placed on record. By said acts she obtained a muniment of title to the real estate. The signature and acknowledgment of the deed were the means by and through which the title to the real estate passed from the victim to the appellant. It is manifest that without his signature and acknowledgment of the deed, it would not have been a deed and she should not have obtained anything of value. If, as appellant contends, she obtained nothing but his signature, he could not have sustained a suit for damages except for personal injuries and physical pain and suffering.

Appellant urges a great number of objections to the court's main charge. To discuss all of them would unnecessarily extend this opinion and serve no useful purpose. We deem it sufficient to say that we have carefully considered the court's charge in the light of the objections addressed thereto and have reached the conclusion that same is not subject to the objections.

All other matters complained of have been duly considered and found to be without merit. It is therefore ordered that the judgment of the trial court be, and the same is in all things, affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the Court.

MORROW, P. J., absent.

## ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant urges generally all of his complaints as originally presented by his various bills of exceptions, but singles out no one of them as particularly meritorious, or as presenting good ground for his complaint at our concluions. He does insist that the statute involved is unconstitutional, but cites no decisions so holding, and urges no particular ground for such complaint. No authorities are cited in the motion, and we do not feel called upon to review any or all of the reasons advanced in our original opinion as supporting our judgment of affirmance.

Being unable to agree that there is merit in appellant's motion, same is accordingly overruled.

*Overruled.*