## ALLEN v. HOUSTON CHRONICLE PUB. CO.

### No. 10592.

Court of Civil Appeals of Texas. Galveston.

Oct. 21, 1937.

Rehearing Denied Nov. 11, 1937.

John A. Vivier, of Houston, for appellant.

Kayser, Liddell, Benbow & Butler, of Houston, for appellee.

GRAVES, Justice.

This statement, adopted by the appellee, is taken from appellant's brief:

"This suit was instituted in the District Court of Harris County, Texas, by appellant, B. L. Allen, against appellee, The Houston Chronicle Publishing Company, for the recovery of damages sustained by reason of the publication by appellee in its newspaper, the Houston Chronicle, of an article concerning appellant, which article was alleged by innuendo to be libelous, and defamatory of appellant and of his character and reputation.

"Appellee answered by general demurrer, and exceptions and pleas not necessary to be noticed here.

"Upon a hearing, the general demurrer was sustained, and appellant having declined to amend, judgment was rendered for appellee, to all of which appellant duly excepted and gave notice of appeal to this Honorable Court."

The declared upon article as published on or about February 6 of 1935 in the Chronicle, was in his verbis as follows, the first three detached paragraphs constituting its headlines, the balance its body:

"Dynamite Cache Found In Garage Here May be Clue to Ship Channel Threat

"Sticks Came From Victoria Expert Says

"F. M. Faurote Believes Explosives Part of Loot Stolen There, Some of Which Was Found

"Police Wednesday were trying to trace the source of 18 sticks of dynamite found in the garage of B. L. Allen at 7819 Goode late Tuesday afternoon by City Detectives Fred Rexar and Kirk Irwin. With the dynamite was a hundred feet of fuse and a box of 75 dynamite caps.

"The dynamite was located by the officers as a result of an anonymous telephone call. Rexar and Irwin said a man called them and told them they would find the explosives in a sack in the Allen garage. The telephone caller would not give his name.

"Possibility that the explosive may be some of the 900 pounds of dynamite stolen from a Victoria warehouse last summer will be checked, according to Police Chief B. W. Payne.

"Last September 21 two sailors discovered 319 one-pound sticks of dynamite, to which was attached a time clock and a 'hot shot' battery, under the Morgan Line docks at Clinton. That dynamite was part of the Victoria loot, according to F. M. Fau-

rote, city explosives expert, who aided in the investigation.

"Faurote pointed out, however, that the dynamite found in the Goode Street garage was 40 per cent nitro-glycerine dynamite while that found under the docks was 60 per cent nitro-glycerine dynamite. The principal difference between the two, Mr. Faurote said, is that 60 per cent kind will explode under water while the 40 per cent kind will not.

"Allen told officers the dynamite was placed in the garage by his son, Vernon, 15, and Carlton Williams, 16, of 7912 Brays. He said the boys brought the explosive home with them from a hiking trip and said a man gave it to them, between Sugar Land and Victoria.

"The dynamite, fuse and caps were turned over to George Richardson, assistant fire chief, for destruction.

"The dynamite found was sufficient to blow up the Gulf Building, Mr. Faurote said."

■■ After careful consideration of the record, along with the able briefs for both parties, this court holds the learned trial court's action to have been correct, upon these two main considerations: (1) The article was privileged under amended R.S. art. 5432, subds. 1 and 4 (Vernon's Ann. Civ.St. art. 5432, subds. 1, 2); (2) taken and construed in its entirety, as it must be under the established rule of law applying, it was not libelous.

In support of this conclusion, both as against appellant's attack upon the validity of article 5432 as being too vague and uncertain to be reasonably susceptible of any definite construction, and his further contention that the publication was "libelous by innuendo," these authorities are cited: Article 325, C.C.P. of Texas; Article 5432, subd. 1, Revised Civil Statutes of Texas 1925; Article 5432, subd. 4, Revised Civil Statutes of Texas 1925; Belknap Hardware & Mfg. Co. v. Lightfoot (Tex.Civ. App.) 75 S.W.(2d) 481; A. H. Belo & Co. v. Lacy (Tex.Civ.App.) 111 S.W. 215; Crum v. State, 131 Tex.Cr.R. 631, 101 S.W.(2d) 270, 271; Express Pub. Co. v. Southwell (Tex.Civ.App.) 295 S.W. 180, 188; Express Pub. Co. v. Keeran (Tex. Com.App.) 284 S.W. 913; Moore v. Leverett (Tex.Com.App.) 52 S.W.(2d) 252; Newell, Slander and Libel (4th Ed.) p. 291; Newell, Slander and Libel (4th Ed.) p. 589, § 543; Newell, Slander and Libel (4th Ed.) p. 305, § 268; Fuson **v.** Abilene Gas & Electric Co. (Tex.Civ.App.) 219 S. W. 208; Snider v. Leatherwood (Tex.Civ. App.) 49 S.W.(2d) 1107; Southern Pub. Co. v. Foster (Tex.Com.App.) 53 S.W.(2d) 1014; State v. Eckhardt, 232 Mo. 49, 133 S.W. 321; 27 Texas Jur. 610, § 14; 39 Texas Jur. p. 203; 39 Texas Jur. 194, § 103; 39 Tex.Jur. p. 205, § 110; Times Pub. Co. v. Ray (Tex.Civ.App.) 1 S.W.(2d) 471; Wick v. Express Pub. Co. (Tex.Civ.App.) 75 S.W.(2d) 478.

■ The material portions of the statute, as amended, are these:

That any publication by newspaper shall be deemed privileged upon the publication of the following matters:

Section 1. A fair, true and impartial account of any official proceedings authorized by law in the administration of the law.

Section 4. A reasonable and fair comment of other matters of public concern published for general information.

It seems to us too plain for argument that what was really intended by the Legislature in the enactment of this amendment was to make privileged the publication of, (1) any proceedings in a court of justice, and (2) a fair, true, and impartial account of any other official proceedings authorized by law in the administration of the law.

■ Neither does extended argument on whether or not the complained of article is "libelous by innuendo" seem needful, appellant having in effect conceded that it is not so on its face; the test in that respect being thus stated in Southern Publishing Co. v. Foster (Tex.Com.App.) 53 S.W.(2d) 1014, at page 1016: "In determining the question whether the publication was libelous or not, the words used in the publication must be construed as a whole, giving to all the words contained therein their ordinary meaning as read and construed by persons of ordinary intelligence."

Applying that yardstick, it seems clear that the only reasonably imputable connection of the appellant with the entire transaction, from the language used was: (1) That the dynamite was found in his garage (which he admits was true), and (2) that it was placed there by his own boy, who had received the same from a stranger between Victoria and Sugar Land.

Without further discussion, the judgment will be affirmed.

Affirmed.