**Charles Raymond ODEN, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 38850.**

Court of Criminal Appeals of Texas.

Jan. 19, 1966.

On Rehearing April 13, 1966.

the pistol, tried to ascertain from him the whereabouts of a prostitute who was brought to the hotel the previous day by appellant and had registered as Mrs. Jo Johnson.

The state's evidence further reflects that the prostitute had checked out of the hotel and gone to Mexico, leaving a note for appellant advising him that she was going to Louisiana, and that he received the note from the Hotel Clerk by identifying himself as "Johnson" before he restrained and assaulted the bellboy.

Also the evidence shows that appellant had previously accompanied the prostitute to other places where she had plied her trade and had received most of the money she had received.

The statute under which appellant was tried and convicted relates to kidnapping "for the purpose or with the intent of taking or receiving or demanding or extorting * * * any money or valuable things."

The controlling question on this appeal is whether information concerning the whereabouts of the prostitute comes within the term "valuable things."

The state relies upon Crum v. State, 131 Tex.Cr.R. 631, 101 S.W.2d 270. There the "valuable thing" extorted was a warranty deed which the kidnapped person was forced to sign and acknowledge. We said:

> "Appellant contends that the only thing which was extorted from Harvey Crum was his signature and not the alleged deed, that she was entitled to a peremptory instruction from the court which the court declined to give. If she had merely compelled him, by the means employed by her and her associates as disclosed by this record, to sign his name upon a blank piece of paper, then her position might be well taken; but the proof of this case shows that she forced him to sign his name to a warranty deed conveying to her certain real estate and forced him to acknowledge the deed which she immediately placed on record. By said acts

No attorney of record on appeal for appellant.

Charles A. Allen, Dist. Atty., Marshall, Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

Tht offense is kidnapping (Art. 1177a Vernon's Ann.P.C.); the punishment, 18 years.

The indictment alleged that appellant did "forcibly detain, forcibly confine, forcibly conceal and fraudulently entice away Charlie Williams for the purpose and with the intent of taking, receiving, demanding and extorting from the said Charlie Williams, the person so restrained as aforesaid, valuable things, to-wit: information from the said Charlie Williams as to the whereabouts of a guest of the Hotel Marshall, * * *."

The state's evidence is sufficient to sustain a finding by the jury that appellant and his companions took Charlie Williams, Bell Captain at the Hotel Marshall, at gun point from the hotel out into the country and through force and threats and firing

she obtained a muniment of title to the real estate. The signature and acknowledgment of the deed were the means by and through which the title to the real estate passed from the victim to the appellant. It is manifest that without his signature and acknowledgment of the deed it would not have been a deed and she should not have obtained anything of value. If, as appellant contends, she obtained nothing but his signature, he could not have sustained a suit for damages except for personal injuries and physical pain and suffering."

Though the prostitute may have been useful and of value to appellant, information as to her whereabouts was at most an intangible advantage and was not "a valuable thing." The state's evidence shows that Williams did not know the whereabouts of the prostitute or who the men were who had taken her away from the hotel.

The evidence shows appellant's guilt of the misdemeanor offense of false imprisonment (Art. 1169 V.A.P.C.). It is not sufficient to sustain the conviction for the capital felony offense of kidnapping defined by Art. 1177a V.A.P.C.

The judgment is reversed and the cause remanded.

MORRISON, Judge (dissenting).

■ I cannot bring myself to agree with the majority. The sole question presented is whether or not the above facts bring the offense within the purview of Article 1177a, supra, which reads as follows:

"Section 1. That every person who forcibly detains, or forcibly takes, or forcibly confines, or forcibly conceals, or fraudulently entices away any other person for the purpose or with the intent of taking or receiving or demanding or extorting from the person so restrained, or his relatives or from any other person, any money or valuable thing, or every person who by force, threats, fraud, duress, or enticement takes, confines, kidnaps, conceals or entices away any other person for the purpose or with the intent of taking or receiving, or demanding, or extorting from the person so restrained or kidnapped, or his relatives, or from any other person, any money or valuable things, is guilty of a capital felony and upon conviction shall be punished by death or confinement in the penitentiary for any term of years not less than five."

There can be no question that the knowledge of the whereabouts of his prostitute was a valuable thing to the appellant because she was the sole source of his livelihood. Appellant would have us read the above statute to mean that the valuable thing named in the statute would mean "valuable" to the injured party. I do not agree. To so hold would exempt from prosecution the person who forcibly abducts the trusted employee for the purpose of securing from him the combination to his employer's safe. Such knowledge is of no pecuniary value to the employee, but is of great value to the abductor who wants to rifle the safe of the employer. It is clear to me that it was the intent of the Legislature when they stated that the purpose must be to *receive* from the person abducted a valuable thing that they meant *valuable* to the person committing the abduction. The indictment in the case at bar so charged, and the proof so showed.

In Turner v. State, Tex.Cr.App., 372 S. W.2d 346, we held that while it was not shown to have been used, a railway ticket was a valuable thing.

I respectfully dissent.

## ON STATE'S MOTION FOR REHEARING

McDONALD, Presiding Judge.

■ The writer has concluded that information as to the whereabouts of the prostitute was, under the facts in this case, "a valuable thing" and that the evidence is

sufficient to sustain appellant's conviction for kidnapping under Article 1177a, supra.

The state's motion for rehearing is accordingly granted; the opinion reversing the conviction is set aside, and the judgment of conviction is affirmed.