Leslie R. Owens SMITH, Appellant,

v.

The STATE of Texas, Appellee.

No. 50707.

Court of Criminal Appeals of Texas.

Jan. 7, 1976.

Terral R. Smith, Austin, for appellant.

Arthur C. Eads, County Atty., and Ernie B. Armstrong, Asst. County Atty., Belton, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an appeal from a conviction for the offense of commercial exhibition of obscene material; trial was before the court without a jury; the punishment assessed was confinement in the county jail for 120 days and a fine of $1,000.

The appellant, who was charged by information with the offense of commercially

exhibiting an obscene motion picture, challenges the sufficiency of the evidence. We hold the evidence is insufficient to support the verdict and reverse the judgment.

Appellant asserts that the State failed to show that he *commercially* exhibited the subject film, "Deep Throat." A summary of the evidence is necessary. On September 19, 1974, Officer Tampio of the Killeen Police Department received a phone call "cordially" inviting the police to a showing of the film "Deep Throat." Officer Tampio and Officer Draper went to the Roaring Twenties Club in Killeen and there viewed the film. Afterwards, Officer Tampio remained at the club while Officer Draper returned to the police station to prepare an affidavit to obtain search and arrest warrants. After obtaining a magistrate's signature on the warrants, Officer Draper returned to the club, called Captain Griffin of the Killeen Police Department and the three officers executed the warrants, arrested the appellant and seized the film.

The officers neither paid nor were asked to pay to view the film. Members of the press who saw the film on the day in question were not charged admission. Defense witness Robert Staley testified that he saw portions of two screenings on the day appellant was arrested and that he was not charged admission on either occasion. The appellant stated to the officers that he was presenting a free public screening of the film; he further stated that he would later charge a $5.00 admission fee in addition to a $1.50 minimum drink charge.

Officer Tampio testified that during the time he was in the club he observed a man enter the building, following which the cash register opened and closed; the man then took a seat and watched the film. The officer did not see any money change hands nor did he hear any conversation between the man and the appellant.

■ V.T.C.A. Penal Code, Sec. 43.23, provides in part:

"(a) A person commits an offense if, knowing the content of the material:

"(1) he sells, commercially distributes, commercially exhibits, or possesses for sale, commercial distribution, or commercial exhibition any obscene material."

The new Penal Code does not define the term "commercially exhibit," but V.T.C.A. Penal Code, Sec. 43.21(5), provides that:

"(5) 'Commercially distribute' means to transfer possession for valuable consideration."

It would follow that "commercially exhibit" would mean to exhibit in exchange for valuable consideration. Cf. *Hess v. State,* 536 P.2d 366 (Okl.Cr.App.1975); *Oden v. State,* 401 S.W.2d 254 (Tex.Cr.App.1966). It is clear that no one was seen paying an admission charge. The State contends and we agree that valuable consideration is not limited to money. *Stanley v. Schwalby,* 162 U.S. 255, 16 S.Ct. 754, 40 L.Ed. 960 (1896); 13 Tex.Jur.2d, Contracts, Sec. 40, p. 166. The State then speculates that the appellant hoped to receive preferential treatment from the Killeen Police Department in return for his allowing police officers to view the film free of charge. The record is devoid of any evidence to support this theory. Further, it is difficult to perceive how being arrested would suffice as "preferential treatment" or "valuable consideration." The State also urges that the appearance of members of the press was consideration flowing to the appellant, inasmuch as local media refused advertising space to movies such as "Deep Throat." The record does not reflect that the local media refused advertising space for movies shown at the Roaring Twenties Club. Further, in light of the record before us, the mere appearance of members of the press does not present "valuable consideration." The press did not agree to give coverage of the film in exchange for a free screening; the members of the press did not incur obligations by viewing the film. There is no

direct evidence in the record before us that the appellant *commercially* exhibited obscene material to anyone.

The circumstantial evidence of commercial exhibition is likewise insufficient to support the conviction  The record reflects the following:

"Q. [DEFENSE ATTORNEY]: So you saw the negro male walk in and—well, was Mr. Smith operating the projector at the time?

"A. [OFFICER TAMPIO]: No, Sir, he was not.  He was down by the cash register.

"Q. Down by the cash register here?

"A. Yes, Sir, he was.

"Q. And you heard the cash register ring but did not see anyone give anyone any money?

"A  No, Sir, I did not.

"Q. And you did not hear him say anything to the negro male?

"A. No, Sir.

"Q. So you were just sitting back there and you heard the cash register ring at about the same time you saw the negro male walk in?

"A. The negro male came in, the cash register rung, there where Mr. Smith was at the time, and then he came in and had a seat there.

"Q. Did you ever see anybody pay any money?

"A. No, I can't recall, Sir."

▪ A conviction based upon circumstantial evidence cannot be sustained if the circumstances proved do not exclude every other reasonable hypothesis except that of the guilt of the accused.  Proof amounting only to a strong suspicion or a mere probability of guilt is insufficient.  *Flores v. State,* 489 S.W.2d 901 (Tex.Cr.App.1973); *Randolph v. State,* 505 S.W.2d 845 (Tex.Cr. App.1974); *Kinkle v. State,* 474 S.W.2d 704 (Tex.Cr.App.1972); *Culmore v. State,* 447 S.W.2d 915 (Tex.Cr.App.1969).

▪ The mere fact that a man entered the club and shortly thereafter the cash register opened and closed does not exclude every other reasonable hypothesis except the guilt of the appellant even though it may cast suspicion upon him.  We find the evidence, both direct and circumstantial, insufficient to show that the appellant, knowing the content thereof, commercially exhibited obscene material.

If the appellant had been charged with the possession of obscene material for the purpose of commercial exhibition, the evidence in the record might have supported a conviction for that offense.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.

DOUGLAS, Judge (dissenting).

The majority holds that the evidence is insufficient to show that the exhibition of the film "Deep Throat" was commercially done.  A showing was made before members of the press and police department as well as what appeared to be a paying guest.  One of the viewers went by the cash register.  "The cash register rung, there where Mr. Smith [appellant] was at the time, and then he came in and had a seat there."

The radio and newspaper people were present at the invitation of appellant.  Appellant stated that he intended to charge $5.00 for admission to later exhibitions of the film.  The film was apparently exhibited in part for advertising purposes.  For this he no doubt expected a commercial or monetary gain in the showing of the film.  The evidence in this case amounts to a commercial exhibition of the film.  I dissent to the reversal of this conviction.