CITY OF GRANDVIEW, Respondent,

v.

Joseph M. MADISON, Appellant.

No. WD 36270.

Missouri Court of Appeals,
Western District.

April 2, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied May 28, 1985.

Application to Transfer Denied
Aug. 7, 1985.

Elwyn L. Cady, Jr., Independence, for appellant.

´ John R. O'Malley, Grandview, for respondent.

Before CLARK, P.J., and SOMERVILLE and KENNEDY, JJ.

PER CURIAM.

Defendant was found guilty of violating § 17–38 of the Grandview Municipal Code: *"Weapons—Carrying Concealed:* No person shall wear under his clothes or concealed about his person any pistol or revolver; nor shall any person wear under his clothes, or concealed about his person, any slungshot, cross knuckles, knuckles of lead, brass or other metal, or any bowie knife, razor, billy, dirk knife or dagger, or any knife resembling a bowie knife, or any other dangerous or deadly weapon; ..." A fine of $25.00 was assessed against defendant.

Appellate relief is sought by defendant on the singular ground that a carbon dioxide (CO2) powered pellet gun concealed on his person when he was apprehended at a McDonald's restaurant did not fall within the proscription of the ordinance.

Defendant's argument, if correctly perceived, tracks the following course. One, ordinances such as the one in question are to be strictly construed against the municipality and liberally construed in favor of an accused. See generally: *City of St. Louis v. Brune Management Co.,* 391 S.W.2d 943, 946 (Mo.App.1965). Two, pellet guns are not specifically enumerated in the ordinance. Three, notwithstanding the general terms "dangerous or deadly weapon", the pellet gun does not come within the purview of the ordinance under traditional concepts of ejusdem generis. See generally: *State v. Eckhardt,* 232 Mo. 49, 133 S.W. 321 (1910), for a clear explication of the rule. Fourth, as a principal, umbrella argument, the pellet gun was not embraced by the ordinance by reason of "Autoptic Proference." [1]

Webster's Third New International Dictionary (1971) defines *"revolver"* as "a handgun having a cylinder of several chambers that are brought successively into line with the barrel and discharged with the same hammer—compare pistol." Conjunctively, according to *State v. Dunn,* 221 Mo. 530, 120 S.W. 1179, 1182 (1909), " '[a] deadly weapon is one likely to produce death or great bodily injury....' "

Defendant's principal argument, "Autoptic Proference", works against him. To the naked eye the pellet gun looks like a conventional, large caliber revolver, and according to the uncontradicted evidence, was capable of causing death or serious injury up to 400 yards. Carrying the pellet gun concealed on one's person was proscribed by the ordinance either by means of the fact that it constituted a "revolver" as specifically enumerated in the ordinance or, consistent with the rule of ejusdem generis,[2] it was a deadly or dangerous weapon of like kind or character as a revolver.

In sum, the pellet gun in question fell within the ambit of the ordinance. See generally: *People v. Malone,* 72 Cal.App.3d 649, 138 Cal.Rptr. 397 (1977); and *People v. Greer,* 53 Ill.App.3d 675, 11 Ill.Dec. 388, 368 N.E.2d 996 (1977).

Judgment affirmed.

---

1. The pellet gun, offered and admitted into evidence, was seen through the trier of fact's own eyes.

2. In accordance with that rule of construction [ejusdem generis], "[t]he words 'other' or 'any other,' following an enumeration of particular classes, are therefore to be read as 'other such like,' and to include only others of the like kind or character." *State v. Eckhardt,* 232 Mo. 49, 133 S.W. 321, 321–22 (1910).